34222.   BUTLER, by next friend, *v.* HARTFORD ACCIDENT & INDEMNITY COMPANY *et al.*

DECIDED OCTOBER 24, 1952.

114

*Nick Long Jr.,* for plaintiff in error.
*Marshall, Greene, Baird & Neely,* contra.

FELTON, J. Dr. R. A. Billings testified in substance for the claimant that he was called to attend the deceased on Monday, May 7th; that his examination did not disclose any external trauma about the deceased's head or any external evidence, such as a breaking of the skin or enlarged area, to indicate that the deceased had received a blow on the head; that an X-ray of the head did not reveal anything to indicate it; that he diagnosed intracranial hemorrhage by an examination of the deceased's eyegrounds with an instrument; that other than by a blow on the head, intracranial hemorrhage can be caused by high blood pressure, syphilis or brain tumor; that he had attended the deceased for ten years prior to his death and he had none of the above diseases; that a person could be struck on the head hard enough to cause an intracranial hemorrhage without any external trauma or outside evidence of the blow; that in his opinion the deceased died from an intracranial hemorrhage caused by a blow on the head.

Dr. Guy H. Adams testified in substance on behalf of the employer that a person need not have high blood pressure or a disease to develop a cerebral hemorrhage; that a person could have an abnormality of a vessel in the brain and that such vessel could rupture "spontaneously"; that in his opinion a per-

son could not receive a blow on the head sufficient to cause an intracranial hemorrhage without leaving an external trauma or some outside evidence of the blow; that this did not mean that the skull necessarily had to be fractured; that such trauma or outside evidence would be apparent almost immediately from the time of the blow and would be evident five days after the blow.

This case was tried on the sole proposition that the deceased struck his head at the time of his fall and that such blow produced an intracranial hemorrhage which caused the death. No one saw the deceased fall and there is no direct evidence that the deceased struck his head in the fall. The only evidence as to the deceased's receiving a blow on the head was the testimony of Dr. Billings that in giving him the history of his case the deceased stated, "I slipped and fell and if it hadn't been for luck I would have busted my head open," and Dr. Billings' testimony that in his opinion the deceased died from an intracranial hemorrhage caused by a blow on the head. We think the crux of the case is the conflicting testimony of the doctors, one to the effect that a blow on the head sufficient to cause an intracranial hemorrhage would not necessarily leave an external trauma or outside evidence on the head, and the other that such a blow would leave an external trauma or outside evidence. Under the facts of this case, the director, as a trior of facts, was authorized to believe the latter testimony in preference to the former and to find that, in view of such fact and the testimony of Dr. Billings, that the deceased had no external trauma or outside evidence of a blow, the deceased did not strike his head in the fall sufficiently to cause the intracranial hemorrhage from which he died.

The evidence authorized the award and the court did not err in affirming the award of the full board.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*